*E-FILED - 8/19/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD R. STEWARD, | ) | No. C 06-4324 RMW (PR) |
| Petitioner, | ) ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | ) ) | |
| D.K. SISTO, Warden, | ) ) | |
| Respondent. | ) ) ) | |

Petitioner, a pro se prisoner, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for second degree robbery (Cal. Penal Code § 211) and assault with a deadly weapon, specifically a dog (Cal. Penal Code § 245(a)(1)). Petitioner alleges that there is insufficient evidence to support the finding, with respect to both offenses, that he used a dog as a deadly weapon. This court ordered respondent to show cause why the petition should not be granted. Respondent filed an answer and accompanying memorandum of points and authorities addressing the merits of the petition, and petitioner has filed a traverse. After reviewing the papers and the record, the court concludes that petitioner is not entitled to habeas relief on the claim presented. Accordingly, the court denies the petition.

# BACKGROUND

**A.   Facts**

The facts as described by the California Court of Appeal are as follows:

> In the early evening of September 9, 2002, Gerardo Rodas, a locksmith, was sitting in his van, eating before work, when two men, appellant and codefendant Oscar Vilanova, appeared at his car door. Appellant was holding the leash of a dog that Rodas thought was a pit bull. Appellant opened the van door and yelled at Rodas, "give me everything you have" and demanded his wallet. He then sicced the dog on Rodas, yelling "Get him, get him." The dog was agitated and came at Rodas with its teeth bared and growling, and climbed up onto Rodas's lap, the attack lasting about a minute. Appellant incited the dog again and repeated "get him," and "give me all you have." As Rodas tried to get free by hitting the dog with a steel screwdriver-like tool, the dog bit him on the arm, breaking the skin, causing the wound to bleed. During the attack, Rodas saw Vilanova reach into the passenger side of the van and take his laptop computer. Rodas later found that a key-making machine had also been taken.
>
> Appellant, Vilanova, and the dog took off running. Rodas called 911 and tried to follow them but lost them as he went around the block. The police came and lifted fingerprints from the van's window.
>
> About a week after the incident, Rodas was driving his van when he saw appellant and Vilanova walking together again. The men seemed to recognize the magnetic signs on Rodas's van and fled when they saw him, and Rodas again lost them when trying to follow them. The next week, after removing the magnetic signs from his van, Rodas saw them walking again, this time with a third man and a dog. Rodas called 911.
>
> The police came, and Rodas identified appellant as the man who sicced the dog on him and Vilanova as the man who stole his laptop. The police later identified the prints lifted from the van as Oscar Vilanova's.

Resp't Ex. 3 at 2 (Unpublished Opinion of the California Court of Appeal, First Appellate District, <u>People v. Steward</u>, No. A102250 (May 17, 2004)).

**B.   Procedural History**

A jury in the Alameda County Superior Court found petitioner guilty of second degree robbery (Cal. Penal Code § 211) and assault with a deadly weapon, to wit: a dog, by means likely to produce great bodily injury (Cal. Penal Code § 245(a)(1)). As to the robbery count, the jury found a dangerous weapon-use charge true, specifically that petitioner used a dog in the commission of the robbery (Cal. Penal Code § 12022(b)(1)). CT 64. Petitioner admitted prior conviction allegations on February 4, 2003. CT 152. He was sentenced to twelve years in state prison. CT 160-63.

On direct appeal, petitioner's conviction was affirmed by the California Court of Appeal on May 17, 2004, and the California Supreme Court denied his petition for review on July 20, 2004. Petitioner's subsequent state habeas petitions were denied. The instant federal habeas action was filed on July 14, 2006.

## DISCUSSION

**A.     Standard of Review**

This court will entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court may not grant a petition with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-413 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

**B. Analysis**

Petitioner maintains that there was insufficient evidence to support his conviction of aggravated assault with a dog, as well as the enhancement on the robbery conviction for the use of a dog as a deadly weapon. Pet. at 6. Petitioner claims that there was scant evidence that the dog was sufficient in size and strength relative to the victim to inflict death or great bodily injury. Traverse at 9. In particular, he asserts that there was no evidence that the dog was a pit bull or other specific breed capable of inflicting death or great bodily injury. Traverse at 10. Finally, Petitioner argues that the extent of the victim's injuries was minor, as shown by the fact that the victim never sought treatment at a hospital. Traverse at 10.

The California Court of Appeal rejected petitioner's claim, concluding that there was sufficient evidence to support the jury's finding that petitioner used the dog as a deadly weapon. Resp't Ex. 3 at 3. The court noted that under state law, a dog may be considered a deadly weapon if the person uses the dog to attack or threaten a human, the dog is trained to respond to the person, and the dog is capable of inflicting serious injury. Rep't Ex. 3 at 3. In light of the evidence that the dog was identified as "pit bull-like," petitioner "sicced" the dog on the victim while yelling "Get him, get him," and the dog "responded by baring its teeth, growling and climbing up into the van and onto [the victim's] lap and biting him," the court concluded that a reasonable trier of fact could have found that petitioner used the dog as a deadly weapon. Resp't Ex. 3 at 3.

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). A state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt, therefore states a constitutional claim. Jackson v. Virginia, 443 U.S. 307, 321 (1979).

A federal court reviewing collaterally a state court conviction does not determine it is satisfied that the evidence established guilt beyond a reasonable doubt. Payne v. Borg,

982 F. 2d 335, 338 (9th Cir. 1992).  The federal court "determines only whether, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson, 443 U.S. at 319).  Only if no rational trier of fact could have found proof beyond a reasonable doubt, may the writ be granted.  See Jackson, 443 U.S. at 324.

After AEDPA, a federal habeas court applies the standards of Jackson with an additional layer of deference.  Juan H. v. Allen, 408 F.3d 1262, 1274 (9th Cir. 2005). Generally, a federal habeas court must ask whether the operative state court decision reflected an unreasonable application of Jackson and Winship to the facts of the case.  Id. at 1275 (quoting 28 U.S.C. § 2254(d)(1)).  The Jackson standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law.  Sarausad v. Porter, 479 F.3d 671, 678 (9th Cir. 2007).

Considering the limited scope of this court's collateral review, and viewing the evidence in the light most favorable to the prosecution, the court concludes that there was sufficient evidence to support petitioner's conviction.  On federal habeas review, this court defers to the state court's interpretation of state law.  See Bradshaw v. Richey, 546 U.S. 74, 76 (2005).  The California Supreme Court defines a deadly weapon as "'any object, instrument, or weapon which is used in such a manner as to be capable of producing and likely to produce, death or great bodily injury.'"  People v. Aguilar, 945 P.2d 1204, 1207 (Cal. 1997) (citation omitted).  "In determining whether an object not inherently deadly or dangerous is used as such, the trier of fact may consider the nature of the object, the manner in which it is used, and all other facts relevant to the issue."  Id. Whether a specific dog in a given case is a "deadly weapon or instrument" is ultimately a question of fact for the jury that depends upon the circumstances of each case.  People v. Nealis, 283 Cal. Rptr. 376, 378 (Cal. App. Dep't Super. Ct. 1991).  In Nealis, the court concluded that a dog that was trained to respond to the defendant's commands to attack, and which was of sufficient size and strength relative to its victim to inflict death or great bodily injury, could be considered a "deadly weapon or instrument."  Id. at 379-80.

In this case, the jury could have reasonably found that the dog was trained to attack humans on command and was of sufficient size and strength to inflict death or great bodily injury. See Nealis, 283 Cal. Rptr. at 379. The victim testified that petitioner commanded the dog to attack, yelling "Get him. Get him." RT 175. The dog obeyed by jumping onto the victim's lap. RT 176, 178. It bared its teeth at the victim, bit his arm, and took his shoe off with its teeth. RT 177, 182-83, 185. While the victim tried to defend himself with a screwdriver, petitioner continued holding the dog and commanding it to attack. RT 185-86. Throughout the entire incident, petitioner maintained control of the dog by a short, meter-long leash. RT 172-73, 177. With respect to the victim's injuries, the bite wound on his arm bled and left marks that were still visible at trial. RT 207-08. In addition, the responding police officer who interviewed the victim after the incident testified that he saw blood from the wound on the victim's arm. RT 298. The officer further testified that a week after the incident, when he responded to the victim's 9-1-1 call identifying the perpetrators, he observed petitioner giving the dog various commands, which the dog obeyed. RT 305. Under these circumstances, a rational trier of fact could have concluded that petitioner used the dog as a deadly weapon, as defined by California law.

Petitioner's specific arguments concerning what evidence was necessary to support his convictions are without merit. He first asserts that there was inadequate evidence regarding the dog's breed and size relative to the victim. But under California's totality of the circumstances approach, see Aguilar, 945 P.2d at 1207, a finding that the dog was specifically a pit bull or of a certain size was not necessary to establish petitioner's guilt. There was evidence that the dog was "pit bull-like," that it was between twenty-three and thirty-two inches long, and that it bit the victim with enough force to break the skin. RT 177, 244. Such evidence was adequate for a jury to reasonably conclude that the dog was of a sufficient size and strength relative to its victim to inflict death or great bodily injury. See Nealis, 283 Cal. Rptr. at 379-80. Petitioner also argues that the victim only suffered minor injuries. However, the severity of the victim's injuries was not an element of the

1  assault count or the use of a deadly weapon enhancement.  See CALJIC Nos. 9.02, 17.16.

2  　　　　The court concludes that petitioner has failed to show any violation of his federal
3  constitutional rights in the underlying state criminal proceedings.  Accordingly, the state
4  court's denial of his claims was not contrary to, or an unreasonable application of, clearly
5  established Supreme Court precedent, nor was it based on an unreasonable determination
6  of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1), (2).  Accordingly,
7  petitioner is not entitled to habeas relief.

## II.  CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The clerk shall enter judgment, terminate any pending motions, and close the file.

IT IS SO ORDERED.

DATED:  8/18/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge